UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

JOHN DARRON THOMAS,                )
                                   )
        *Plaintiff*,               )
                                   )
v.                                 )        Case No. 4:10-cv-7
                                   )        Judge Mattice
BEDFORD COUNTY, TENNESSEE;         )
BEDFORD COUNTY SHERIFF'S           )
DEPARTMENT; SHERIFF RANDALL        )
BOYCE, *individually and as an officer of* )
*Bedford County*; BENJAMIN BURRIS, )
*individually and as an officer of Bedford* )
*County*; KENT JACOBS, *individually and* )
*as an officer of Bedford County*; and )
KEVIN RODDY, *individually and as an* )
*officer of Bedford County*,       )
                                   )
        *Defendants*.              )

## MEMORANDUM AND ORDER

Before the Court is a Motion to Dismiss [Court Doc. 13] filed by Defendants Bedford County, Tennessee, Bedford County Sheriff's Department, and Sheriff Randall Boyce, Benjamin Burris, Kent Jacobs, and Kevin Roddy, in their individual capacities and as officers of Bedford County. Defendants allege that Plaintiff's Complaint should be dismissed because Plaintiff has failed to state claims for which relief may be granted. Defendants assert that the majority of Plaintiff's claims are barred by the statute of limitations and lack factual support, and that the allegations in the Complaint fail in any event because the actions of the Defendants are protected by qualified immunity.

For the reasons set forth below, Defendants' Motion to Dismiss [Court Doc. 13] will be **GRANTED IN PART** and **DENIED IN PART**.

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides an affirmative defense for a party's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). This defense arises in the context of a motion to dismiss, where the movant challenges the sufficiency of claims set forth in a complaint.  In *Ashcroft v. Iqbal*, the Supreme Court of the United States expanded on the holding in *Bell Atl. Corp. v. Twombly* by stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court clarified this statement by outlining the two "working principles" governing a motion to dismiss.  *Id*.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Instead, a court considering a motion to dismiss should only accept that all factual allegations are true.  Accordingly, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 1950.

The second principle outlined in *Iqbal* is that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 1950.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  The reviewing court must determine not whether the plaintiff will ultimately prevail but whether there is "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  Therefore, to survive a motion to dismiss

under 12(b)(6), plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## II. FACTS

Plaintiff filed his Complaint against all Defendants on February 2, 2010. (Court Doc. 1, Compl.) In the Complaint, Plaintiff asserts that Defendants' actions during an incident on June 25, 2008 violated his constitutional rights pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. (*Id.*) Plaintiff claims that he was driving a pickup truck on Fairfield Pike on the date in question, and that Defendant Kent Jacobs ("Jacobs"), an off-duty officer (presumably with the Bedford County Sheriff's Department) was following him in his personal car. (*Id.* ¶¶ 11-12.) Plaintiff turned onto another road and Jacobs continued to follow him. (*Id.* ¶¶ 13-14.) Plaintiff called his father to tell him that he was being followed, and claims that Jacobs called Bedford County dispatch to request that Plaintiff be stopped. (*Id.* ¶¶ 15-16.) Plaintiff next turned onto property he leases from Doris Walker and followed the road to a field so he could repair a fence, but Jacobs did not follow him. (*Id.* ¶¶ 17-19.) Instead, Plaintiff alleges that Jacobs met with Defendants Kevin Roddy and Benjamin Burris, both officers with the Bedford County Sheriff's Department, approximately a half mile past Ms. Walker's residence. (*Id.* ¶¶ 20-21.)

Plaintiff's father, Claude Thomas, encountered Defendants Jacob, Roddy, and Burris as he was driving towards Plaintiff's location, and Mr. Thomas agreed to take the

Defendants to Plaintiff's field. (*Id.* ¶¶ 22-25.) Defendants and Mr. Thomas arrived at Ms. Walker's property and Defendants told her they were searching for Plaintiff. (*Id.* ¶¶ 25-26.) Plaintiff's father told Defendants that Plaintiff was located on the back field and Defendants followed him to this location, where they found Plaintiff working on a fence. (*Id.* ¶¶ 28-30.) Defendants handcuffed Plaintiff and drove him in the squad car to Ms. Walker's driveway, where they proceeded to administer a field sobriety test. (*Id.* ¶¶ 31-33.) After the test, Defendants arrested Plaintiff for driving under the influence and took him to the Bedford County jail. (*Id.* ¶ 36.) According to Plaintiff, Defendant Jacobs stayed behind after Plaintiff was taken to jail and asked to use Ms. Walker's phone. (*Id.* ¶¶ 37-39.) Ms. Walker asked Defendant Jacobs why they were harassing Plaintiff and Jacobs responded that Plaintiff had caused he (Jacobs) and his girlfriend to break up. (*Id.* ¶¶ 40-41.)

As a result of the arrest, Plaintiff had to post bail to be released from jail and had to hire a lawyer for his defense. (*Id.* ¶¶ 42-43.) Plaintiff alleges that Defendant Roddy claimed in a supporting affidavit that he had seen Plaintiff in control of a motor vehicle, but this was not true, and the DUI case was eventually dismissed after a hearing on February 20, 2009. (*Id.* ¶¶ 44-47.) Plaintiff claims that Defendants conspired to "arrest, kidnap and cause the false imprisonment" of him because he interfered with Defendant Jacobs' relationship with his girlfriend, and he has been the subject of several unwarranted stops by the Bedford County Sheriff's Department. (*Id.* ¶¶ 48-49.) Plaintiff asserts that Defendants have violated his constitutional rights by using excessive force, by falsely arresting him, by subjecting him to cruel and unusual punishment, by failing to properly train and supervise the deputies in the sheriff's department, and that he was maliciously

prosecuted.  (*Id.* ¶¶ 52-63.)

## III.   ANALYSIS

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law." *Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005).

To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby Cnty.*, 220 F.3d 433, 441 (6th Cir. 2000).  Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000).

In his Complaint, Plaintiff has alleged that Defendants have violated rights established by Amendments IV, V, VI, VIII, and XIV to the United States Constitution and that Defendants should be liable under 42 U.S.C. § 1983 for excessive force, cruel and unusual punishment, and malicious prosecution.  (Compl. at 1.)  In the Motion to Dismiss,

Defendants acknowledge that Plaintiff also asserts several state law tort claims,[1] but Defendants do not address these claims in their Motion because Defendants assert that upon the dismissal of Plaintiff's federal claims, the Court will be divested of jurisdiction. (Court Doc. 15, Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 3.)

The Court has two preliminary matters to address before undertaking a full review of Plaintiff's claims. First, Defendants Sheriff Randall Boyce, Benjamin Burris, Kent Jacobs, and Kevin Roddy have all been sued individually and as officers of Bedford County. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, the § 1983 claims against these Defendants in their official capacities are claims against Bedford County and are redundant in light of identical claims brought against the County which arise from the same actions. Therefore, Plaintiff's § 1983 claims against these Defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

Second, Defendants contend that Plaintiff cannot sustain a claim for cruel and unusual punishment because the Eighth Amendment prohibition against cruel and unusual punishment does not apply to pretrial detainees and, because the charge against Plaintiff was dismissed, Plaintiff was never a post-conviction detainee. (Defs.' Mem. at 11.) Defendants further assert that Plaintiff has not properly pled this claim pursuant to the Fourteenth Amendment because there is no allegation that Plaintiff was ever a pretrial

---

[1] Namely: excessive force, malicious prosecution, wrongful arrest, assault and battery, negligent infliction of emotional distress, intentional infliction of emotional distress, kidnaping, false imprisonment, and civil conspiracy. (Compl. at 1.)

detainee and, if so, whether he was subject to any punishment during that time. (*Id.*) Plaintiff concedes that he has not properly pled a claim of cruel and unusual punishment. (Court Doc. 16, Pl.'s Resp. to Mot. to Dismiss and Mem. of Law in Supp. at 8.) Accordingly, any claim by Plaintiff as to cruel and unusual punishment is hereby **DISMISSED WITH PREJUDICE**.

Plaintiff asserts three other federally-based claims–an excessive force claim against the individual Defendants, a failure to train/failure to supervise claim against Defendants Bedford County, Tennessee, Bedford County Sheriff's Department, and Sheriff Randall Boyce (the "municipality Defendants"), and a malicious prosecution claim which appears to be asserted against all Defendants. In the Motion to Dismiss, Defendants make alternative arguments calling for the dismissal of each of Plaintiff's claims. The Court will address each argument separately.

### A. Excessive Force Claim - Statute of Limitations

Defendants first assert that Plaintiff's claims of excessive force and cruel and unusual punishment are barred by the statute of limitations. (Defs.' Mem. at 3.) Because the Court has already dismissed Plaintiff's cruel and unusual punishment claim, the Court will address this argument only as it pertains to the excessive force claim.

Defendants argue that Plaintiff's cause of action for claims asserted pursuant to 42 U.S.C. § 1983 accrued when he was arrested, on June 25, 2008. (*Id.*) Because Plaintiff's lawsuit was filed on February 2, 2010, and the statute of limitations for his claims was one year, Defendants contend that this claim should be dismissed for failure to state a claim for which relief may be granted. (*Id.* at 3-4.) Defendants state that they anticipate that

Plaintiff will make the argument that the statute of limitations is tolled until his DUI charge was dismissed on February 20, 2009, but Defendants argue that Plaintiff had a complete cause of action for excessive force on the date of his arrest and that the tolling argument is without merit. (*Id.* at 4.)

Tennessee Code Annotated § 28-3-104(a)(3) provides that "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" are subject to a one year statute of limitations. The state statute of limitations is the proper one to apply to § 1983 claims. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Plaintiff acknowledges this limitations period but argues that the case of *Johnson v. Crowe*, 1:03-cv-145, 2003 WL 23717091 (E.D. Tenn. Nov. 25, 2003) gives authority for the proposition that the statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 can be extended until the final disposition of criminal proceedings.[2] (Pl.'s Resp. at 4-5.) Defendants assert that this finding in *Johnson* was explicitly overruled by the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384, 388 (2007). (Court Doc. 17, Defs.' Reply at 1-2.) The Court agrees.

In *Wallace*, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest claim in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 396. To reach this conclusion, the *Wallace* court distinguished this result from an earlier decision in *Heck v.*

---

[2] The *Johnson* court concluded "that it is only appropriate that the statute of limitations not begin to run for criminal defendants seeking to file the same § 1983 claims until the disposition of any pending criminal proceedings." *Johnson*, 2003 WL 23717091, at *11.

*Humphrey*, 512 U.S. 477 (1994). In *Heck*, the plaintiff filed a § 1983 case while his criminal conviction was being appealed and asserted claims that spoke directly to his conviction–alleging that the defendants had engaged in an unlawful investigation which led to his arrest, destroyed exculpatory evidence, and used illegal voice identification procedures at trial. *Id.* at 479.

The *Heck* plaintiff's claims were analogized to malicious prosecution, which differed from the claim for false arrest in *Wallace*. *Id.* at 484. As the *Heck* court pointed out, a claim of malicious prosecution, "unlike the related cause of action for false arrest or imprisonment . . . permits damages for confinement imposed pursuant to legal process." *Id.* A claim for false arrest, on the other hand, only allows for damages from the time of detention until legal process attaches. *Id.* The *Heck* court noted that one element of a malicious prosecution claim was the termination of the criminal proceeding in favor of the accused, and held that the plaintiff could not obtain damages under § 1983 for such claim unless "the conviction or sentence [was] reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 484, 487. The Court stated that the district court would be tasked with determining "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" and, if it would, the court would have to dismiss the plaintiff's § 1983 complaint until the plaintiff could prove that his criminal proceeding had indeed been invalidated. *Id.* at 487.

In *Heck*, therefore, the conclusion of the criminal proceeding–if it was truly invalid– was relevant and required before the plaintiff's § 1983 claim for malicious prosecution

could mature.  In *Wallace*, however, the plaintiff's claim for false arrest did not depend on the validity of his criminal proceeding and any claim for damages on that basis in fact matured at the time that the plaintiff was detained pursuant to legal process.  *Wallace*, 549 U.S. at 390.

Plaintiff's § 1983 claim for excessive force in the instant case is much more analogous to the situation in *Wallace* than it is with that in *Heck*.  If the Defendant officers used excessive force against Plaintiff during the incident on June 25, 2008, the ultimate conclusion of criminal proceedings against Plaintiff would be entirely irrelevant to that claim.  Hypothetically, Plaintiff could have asserted a valid claim of excessive force even if he had eventually been convicted of driving under the influence, and Plaintiff could assert an equally valid claim of excessive force if, as in the situation at hand, the charges against him were dismissed.  The officers' actions had no impact on the conclusion of the criminal proceeding and, vice versa, the conclusion of the criminal proceeding logically had no impact on the legal consequence of the officers' actions at the time of Plaintiff's arrest.  Therefore, any claim for damages based on alleged excessive force had to mature on the date of that force.  Accordingly, Plaintiff's § 1983 claim of excessive force was subject to a one year statute of limitations which started to run on June 25, 2008, and Plaintiff's first assertion of this claim in his Complaint dated February 2, 2010 is out of time.  As such, Plaintiff's § 1983 claim against the individual Defendants for excessive force is **DISMISSED WITH PREJUDICE**.[3]  Because Plaintiff cannot sustain a claim for a constitutional violation

---

[3]   The Court notes that Defendants alternatively argued that this claim be dismissed because Plaintiff has not pled any facts as to any injury he received from the allegedly excessive force, and Plaintiff conceded this point in his Response.  (Defs.' Mem. at 8-9; Pl.'s Resp. at 7.)

based on excessive force, the Court further finds that any claim against the municipality Defendants premised on failure to train or failure to supervise as it pertained to Plaintiff's excessive force claim is likewise **DISMISSED WITH PREJUDICE**.[4]

**B.      Failure to State a Claim**

As to Plaintiff's only remaining federal claim of malicious prosecution, Defendants argue that Plaintiff's Complaint fails to state a claim for which relief may be granted. (Defs.' Mem. at 4-5.) First, Defendants argue that Plaintiff has failed to state claims against the individual Defendants for malicious prosecution because there are no facts asserted which would establish the elements of this claim. (*Id.* at 5.) Defendants further assert that Plaintiff has not provided any factual support for the conclusory allegations that the municipal Defendants are liable for failure to supervise, failure to train, and unconstitutional customs or practices based on the underlying malicious prosecution claim. (*Id.*) Instead, Defendants claim that Plaintiff has only provided facts regarding the June 25, 2008 arrest, which are not sufficient to establish ongoing unconstitutional conduct. (*Id.*)

Plaintiff must prove two elements for municipal liability against Defendant Bedford County and the Bedford County Sheriff's Department: "(1) that a constitutional violation occurred; and (2) that the County 'is responsible for that violation.'" *Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004). *See also Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) ("There can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act."); *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless

---

4      "There can be no [] municipal liability under § 1983 unless there is an underlying constitutional act." *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007).

action pursuant to official municipal policy of some nature caused a constitutional tort."); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001).

Therefore, before the Court can address the failure to train and failure to supervise allegations against the municipality Defendants, the Court must first determine if Plaintiff has stated a valid claim for malicious prosecution. If he has not, there is no underlying constitutional violation and the municipality Defendants cannot be liable.

### 1.   *Malicious Prosecution*

The United States Court of Appeals for the Sixth Circuit has acknowledged that a federal malicious prosecution claim can be brought pursuant to the Fourth Amendment and through 42 U.S.C. § 1983, but had not identified the elements of such a claim until its recent decision in *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010). *See Spurlock v. Satterfield*, 167 F.3d 995, 1005-07 (6th Cir. 1999); *Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003). In *Sykes*, the Sixth Circuit identified four basic elements: first, "the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute.'" *Sykes*, 625 F.3d at 308. (citations omitted). Second, "the plaintiff must show that there was a lack of probable cause for the criminal prosecution." *Id.* (citations omitted). Next, the plaintiff must show that he suffered a "deprivation of liberty" beyond the arrest or seizure as a result of the legal proceeding. *Id.* at 308-09 (citations and internal quotations omitted). Finally, "the criminal proceeding must have been resolved in the plaintiff's favor." *Id.* at 309 (citation omitted).

Plaintiff has adequately pled that a criminal proceeding was initiated against him and

that this proceeding ended in the dismissal of the charges against him, which was undisputably in his favor. (Compl. ¶¶ 36, 47.) Moreover, Plaintiff alleges in the Complaint that he was held at the Bedford County Jail and had to post bail to be released, which should be sufficient to establish that Plaintiff suffered a deprivation of liberty as a consequence of the criminal charges. (*Id.* ¶ 42.) The only elements at issue, then, are whether Defendants were involved in the decision to prosecute Plaintiff, and whether they had probable cause to initiate any criminal proceeding against him.

In the Complaint, Plaintiff states:

> 43. Plaintiff had to hire and retain defense counsel to defend the unfounded allegations given by the deputies of the Bedford County Sheriff's Office as probable cause for arrest.
>
> 44. In a sworn affidavit given to support the arrest warrant issued against John Thomas for driving under the influence, Deputy Roddy states that he made contact with the Plaintiff who was in control of a motor vehicle.
>
> 45. At no time did Deputy Roddy see Plaintiff operating a motor vehicle.
>
> 46. Deputy Roddy made statements that he knew to be untrue in an affidavit to obtain an arrest warrant.
>
> . . .
>
> 48. Officers from the Bedford County Sheriff's Department conspired to arrest, kidnap and cause the false imprisonment of Mr. Thomas as retribution for interference with the relationship of Officer Jacobs and his girlfriend, Diane Philips.

(*Id.* ¶¶ 43-48.) Although Plaintiff has not specifically stated that he was not driving under the influence at the time of his arrest, Plaintiff does allege that the reason for his arrest was motivated by other reasons and that the allegations against him were unfounded. If the Court accepts these facts as true, Plaintiff has adequately asserted that Defendants lacked

probable cause to prosecute him. Moreover, Plaintiff's statements about Defendant Roddy's allegedly false statements, taken as true, would be sufficient to plead the element that at least some of the Defendants had some involvement in the decision to prosecute Plaintiff. Furthermore, in Plaintiff's Response to the Motion to Dismiss, Plaintiff alleges that he was arrested "with tainted probable cause based in falsehood" and that he "does in fact allege that the prosecution was conducted without probable cause," which supports the "favorable disposition at the probable cause hearing of February, [sic] 20, 2009." (Pl.'s Resp. at 8.)

At this stage of the litigation, the Court does not have enough information about how the charges were brought against Plaintiff and what involvement the individual Defendants had in causing the initiation of these proceedings. The Court does not have the affidavit by Defendant Roddy before it and is unable to determine what statements were made and what part the affidavit played in the decision to charge Plaintiff with DUI. Defendants did not offer much clarifying information in the Motion to Dismiss, stating only that Defendants had probable cause to arrest Plaintiff for driving under the influence and the facts would support a conviction for DUI. (Defs.' Mem. at 10-11.)

The Court finds that Plaintiff has pled enough facts to make it plausible that he can establish the remaining two elements of a malicious prosecution claim, although the Court admits that Plaintiff's Complaint is fairly confusing as to which Defendants this claim is actually asserted against. Defendants contend that Plaintiff has only asserted a claim against Defendant Roddy, but at other stages of Plaintiff's Complaint, he appears to assert the claim against all the individual Defendants. (Compl. ¶¶ 52, 56.) As a result of this confusion, the Court will order Plaintiff to file an Amended Complaint which dispenses with

the excessive force and cruel and unusual punishment claims and clarifies the malicious prosecution claim with appropriate factual support.

2.     _Failure to Train/Failure to Supervise_

Because the Court has identified a potentially cognizable constitutional claim, the Court will next determine if Plaintiff has adequately pled a companion claim for failure to train or failure to supervise as it pertains to the municipality Defendants.

Defendants claim that Plaintiff has not offered any factual support for the conclusion that the Sheriff's Department and Sheriff Boyce have not properly trained or supervised the other individual Defendants. (Defs.' Mem. at 6.) Defendants cite the elements of this claim and assert that Plaintiff failed to establish that the municipality acted with deliberate indifference to his rights such that he was injured. (_Id._ at 6-7.) Defendants also state that Plaintiff must point to a specific policy or custom promulgated and enforced by the Bedford County Sheriff's Department to allege that the municipality is liable for an injury he suffered because of that policy or custom. (_Id._ at 6.) Because Plaintiff's Complaint does not state any facts about a lack of training or how this caused an injury, does not identify a policy or custom that resulted in a failure to train, and does not allege deliberate indifference by the municipality, Defendants characterize Plaintiff's claims as unsupported allegations that Defendants Bedford County, Bedford County Sheriff's Department, and Sheriff Randall Boyce failed to act, which is not a basis for liability. (_Id._ at 7.)

Plaintiff states that, at the pre-discovery stage, he "does not know all the details of the Bedford County Sheriff Department's officer training program" and "relies upon critical thinking and inference to determine that the Deputies actions against the Plaintiff from lack of training and supervision could be imputed to Sheriff Boyce, Bedford County Sheriff's

-15-

Department, and Bedford County." (Pl.'s Resp. at 7.)

In order to sustain any claim against Bedford County and the Bedford County Sheriff's Department for failure to train or failure to supervise, Plaintiff must establish three elements: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). Plaintiff can establish deliberate indifference by pointing to "prior instances of unconstitutional conduct demonstrating that [the municipality Defendants] ha[ve] ignored a history of abuse and [were] clearly on notice that the training in this particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005) (citations omitted). The relevant portions of Plaintiff's Complaint state as follows:

> 55. Upon information and belief the Defendants, the Bedford County Sheriff's Department and Sheriff Randall Boyce knew or should have known of the propensities of Defendants Roddy, Jacobs, and Burris for abuse of authority, official misconduct, but took inadequate steps to properly train them and/or supervise his employees, or correct their abuse of authority or discourage their unlawful abuse of authority.

> 56. The failure of the Bedford County Sheriff's Department and Sheriff Boyce to properly train and/or supervise the Defendants, including the failure to provide instruction with regard to the proper and prudent use of force, was the direct and proximate cause of Plaintiff's injuries, in violation of the Plaintiff's constitutional right to be free from excessive force and cruel and unusual punishment, malicious prosecution and false arrest.

> . . .

> 58. Upon information and belief, Defendants Bedford County Sheriff's Department and Defendant Sheriff Randall Boyce

authorized, encouraged and tolerated these institutional practices and thus, ratified the misconduct by: (a) failing to properly discipline, restrict and control their employees, including the Defendant officers known to be irresponsible in their dealings with the citizens of the community; (b) failing to take adequate precautions in the promotions, training and retention of the various Defendants named herein.

(Compl. ¶¶ 55-58.)

Before it can even address the sufficiency of the facts pled in support of this claim, the Court finds that Plaintiff has not even adequately recited the elements of his failure to train and failure to supervise claim in these paragraphs of the Complaint. Plaintiff claims that the training and/or supervision of Defendants Roddy, Jacobs and Burris was inadequate and that this lack of corrective action by the municipality Defendants directly caused Plaintiff's injury, but Plaintiff has not provided sufficient information to support the second element–that the municipality was deliberately indifferent to the inadequate training. The language "knew or should have known" or "aware or should have been aware" does not rise to the level of deliberate indifference and instead, as Defendants point out, sounds in negligence. (Defs.' Mem. at 6; Pl.'s Resp. at 10.)

"A showing of simple or even heightened negligence" is not sufficient to establish deliberate indifference. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407 (1997); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Rather, "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Brown*, 520 U.S. at 410; *Stemler*, 126 F.3d at 865. Thus, municipal liability is proper only when "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that

the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

In addition to this deficiency in the pleading of the element, the only fact Plaintiff provides that might support this element is that "[d]eputies of the Bedford County Sheriff's Department have made numerous unwarranted stops of the Defendant prior to this arrest in an attempt to harass or intimidate the Plaintiff." (Compl. ¶ 49.) This allegation is insufficient to establish that the municipality Defendants might be liable for failure to train or failure to supervise based on an underlying malicious prosecution claim. Plaintiff has not provided the Court with any facts that might support that the municipality Defendants knew the individual Defendants were harassing Plaintiff and were deliberately indifferent to the fact that additional training was necessary to cease the harassment and, by extension, any possible malicious prosecution that could result from this harassment. The Complaint therefore lacks sufficient facts to support the deliberate indifference element of a failure to train or failure to supervise claim. The Court finds that the Complaint is similarly lacking in facts that might support the other properly pled elements of this claim. Because Plaintiff has not adequately pled the elements of his failure to train or failure to supervise claim and has not supported the elements with facts that might state a claim for which relief may be granted, Plaintiff's claim against the municipality Defendants for failure to train or failure to supervise is **DISMISSED WITH PREJUDICE**.

## C.    Qualified Immunity

The Court must now address whether these individual Defendants are protected by qualified immunity. The doctrine of qualified immunity shields "'government officials

performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Supreme Court has articulated a two-part test for determining whether a law enforcement officer is entitled to qualified immunity. *See Brosseau v. Haugen*, 543 U.S. 194, 125 S. Ct. 596, 598 (2004); *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009). Under this test, district courts should "decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." *Pearson*, 129 S. Ct. at 816. The court must also determine "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* In *Pearson*, the Supreme Court held that the order of this inquiry was no longer mandatory and that district courts could decide which factor to address first under the circumstances of the particular case. *Id.* at 818.

The Court has determined that Plaintiff's Complaint does adequately allege a violation of a constitutional right. This finding renders Defendants' argument in favor of the invocation of qualified immunity moot, as Defendants' Motion to Dismiss merely asserted that Defendants were entitled to qualified immunity because there was no constitutional violation. (Defs.' Mem. at 13.) Plaintiff's response focuses on the malicious prosecution claim as it pertains to the municipality Defendants, not the individual Defendants, and is similarly unhelpful as an argument against either part of the qualified immunity inquiry. (Pl.'s Resp. at 10.) Without the benefit of additional facts about the case in general and

argument by both parties on whether the right potentially violated was "clearly established," the Court cannot undertake the full inquiry.[5]

Upon review of the materials currently before it, the Court finds that it simply cannot make an educated, factually-specific ruling on the qualified immunity question at this time. The Court notes that the Rule 12(b)(6) motion is meant to challenge only the sufficiency of pleading and that the qualified immunity issue might be best left to a later stage of litigation when there are adequate facts with which to support more well-developed arguments which touch upon all aspects of the qualified immunity inquiry. *See Grose v. Caruso*, 284 F. App'x 279, 283 (6th Cir. 2008) (stating that "[d]ismissals on the basis of qualified immunity are generally made pursuant to Fed.R.Civ.P. 56 summary judgment motions, not 12(b)(6) sufficiency of pleadings motions" and pointing out that the plaintiff "has not yet had an opportunity to initiate discovery in order to develop a factual record upon which a court may then determine whether dismissal based on qualified immunity is proper."). Accordingly, the Court will not grant Defendants' Motion to Dismiss on the basis of qualified immunity as to Plaintiff's remaining federal claim of malicious prosecution.

---

[5] The Court recognizes that with additional facts, the Court may find that Plaintiff does not have a cognizable claim for malicious prosecution because probable cause existed to support his arrest and criminal charges such that Plaintiff would not be able to satisfy that element of the claim.

At this stage, however, the Court must only assess the adequacy of the pleading in Plaintiff's Complaint. The Court has found that Plaintiff's Complaint does sufficiently plead a malicious prosecution claim pursuant to § 1983. Because Plaintiff has asserted a plausible constitutional violation, the Court is now constrained to address the second part of the inquiry and must address whether this right was "clearly established" before making the determination as to the applicability of qualified immunity. The Court cannot, however, speculate as to both parties' arguments with regard to this inquiry, apply these arguments to the meager facts currently available to the Court, and make a ruling on the issue.

**IV.    CONCLUSION**[6]

For the reasons explained above, Defendants' Motion to Dismiss [Court Doc. 13] is **GRANTED IN PART** and **DENIED IN PART** as follows:

• Plaintiff's claims of excessive force and cruel and unusual punishment against all Defendants are **DISMISSED WITH PREJUDICE**;

• Plaintiff's failure to train and failure to supervise claim against the municipality Defendants, with regard to the claim of malicious prosecution, is **DISMISSED WITH PREJUDICE**;

• The Court **RESERVES RULING** on the issue of qualified immunity;

• Plaintiff's claim of malicious prosecution as to the individual Defendants will be allowed to move forward; however,

• The Court **ORDERS** Plaintiff to file an Amended Complaint which dispenses with the dismissed claims and clarifies which of the individual Defendants are subject to the malicious prosecution claim, with appropriate factual support, within **14 days** of the filing of this Memorandum and Order.


**SO ORDERED** this 4th day of March, 2011.


_____/s/Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

---

[6]    Because Defendants did not address Plaintiff's state law claims in their Motion to Dismiss, the Court declines to address the validity of those claims at this time. The Court need not address any jurisdictional issues due to Plaintiff's remaining federal claim.